UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EUGENE GALIMORE,

      Plaintiff,

v.                              Case No.  2:25-cv-1133-KCD-NPM

STATE ATTORNEY AMIRA D.
FOX and FORT MYERS,

      Defendants.
_____/

## ORDER

Plaintiff Eugene Galimore's second amended complaint is before the Court for screening. (Doc. 7.)[1] Upon review, the complaint is dismissed without leave to amend because it does not state a claim on which relief may be granted.

## I.  Background

Galimore is an inmate at the Lee County Jail, and he claims to be falsely imprisoned. (Doc. 7) After screening Galimore's first complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed it for failing to state a claim and instructed him to amend his pleading if he wished to proceed. The Clerk

---

[1] A plaintiff seeking to proceed *in forma pauperis* must have his complaint screened in accordance with 28 U.S.C. § 1915(e)(2)(B). This procedure requires the court to dismiss a civil action prior to service of process if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

provided Galimore a copy of the Court's 12-page pre-printed prisoner civil rights complaint form.

Galimore then returned a second amended complaint that is not on the standard form. Instead, he filed three handwritten pages along with page four of the standard complaint form (listing the defendants). And in the three pages provided, he alleges even fewer facts than his original complaint. He once again claims that he was mistakenly identified as the perpetrator of a crime and asserts:

> My facts are [that I was] falsely accused of being a white male. Well, I am born Black. I have lost my check I get monthly with being in Lee County Jail. I have a bad heart and [I'm] not getting the right meds. And at Doc. 1 at 4–5, I am seeking monetary damages.

(Doc. 7 at 3 (grammar corrections made for clarity).)

## II. Discussion

Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a complaint may not rest on "'naked assertions[s]' devoid of 'further factual

enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

As the Court explained in its first screening order (Doc. 4), Galimore's sparse and conclusory facts do not state a plausible claim. Thus, for the same reasons provided in that order, his second amended complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Here are the problems:

**A. State Attorney Amira D. Fox is immune from § 1983 liability.**

Plaintiff names State Attorney Amira D. Fox as a defendant. (Doc. 7 at 4.) However, prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution." *Id.* This immunity includes when a prosecutor's "acts [are] undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley v Fitzsimmons*, 509 U.S. 259, 273 (1993). The immunity applies even if the plaintiff believes the prosecutor acted wrongfully. *See*, *e.g.*, *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial).

Galimore does not allege that Fox acted outside her role as a state advocate when charging him with a crime. To the contrary, he gives no explanation for why he believes she violated his constitutional rights. So he has not stated a claim against her.

### B. Galimore has filed a shotgun pleading.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 10(b) separately requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Complaints that violate Rules 8(a)(2) and 10(b)—in letter or spirit—are often called "shotgun pleadings." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four categories of shotgun pleadings, including complaints (such as this one) that are conclusory, vague, or "not obviously connected to any particular cause of action." *Id.* at 1322. Shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Galimore's omission of specific facts to support his claims violates Rules 8(a)(2) and 10. Although *pro se* pleadings must be liberally construed, neither the Court nor the defendants are required to read between the lines to create an actionable complaint on Galimore's behalf. *See Barmapov v. Amuial*,

986 F.3d 1321, 1328 (11th Cir. 2021) (Tjoflat, J., concurring) ("[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff.").

### C. Galimore does not state a claim for false arrest.

Galimore names Almira Fox and "Fort Myers City" as the only defendants in his second amended complaint. (Doc. 7 at 4.) But even if the Court liberally construes his allegations as raising false arrest claims against the law enforcement officers who arrested him, he still falls short. An arrest is reasonable for Fourth Amendment purposes if the officers had probable cause to believe a crime had been committed and that the arrestee was the person who committed it. *Michigan v. Summers*, 452 U.S. 692, 700 (1981). Probable cause is established where facts, "derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed." *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010). "[T]he correct legal standard to evaluate whether an officer had probable cause to seize a suspect is to ask whether a reasonable officer could conclude . . . that there was a substantial chance of criminal activity." *Washington v. Howard*, 25 F.4th 891, 902 (11th Cir. 2022).

Galimore alleges here (and in his original complaint) that the victim of the crime reported seeing surveillance footage showing a white man looking in

the window of his car. Galimore reasons that, as he is not white, the police had no grounds on which to arrest him for burglary of a conveyance. The Court takes judicial notice of the docket sheet for Galimore's underlying criminal case, Twentieth Judicial Circuit Court Case Number 25-125440 ("State Case").[2]   The Lee County Sheriff's Probable Cause Statement is attached to the Booking Report. (State Case at docket entry 4.) It states that police responded to a call from the victim who showed them Ring doorbell video footage of a suspect (identified by the victim as a white man) opening the victim's car door and entering the front seat. (*Id.*) The police lifted fingerprints from the car, and—because Galimore was previously arrested for burglarizing cars—a detective had those prints compared to Galimore's prints. (*Id.*) The report notes that "[t]he latent prints from the two latent lift cards were identified in characteristic and ridge detail to the known prints of Galimore." (*Id.*) The victim provided a copy of the surveillance video to the same detective who concluded that the video "showed [Galimore] opening the passenger side door." (*Id.*) Given that police identified Galimore as the person who entered the victim's car and that Galimore's fingerprints shared characteristics to those lifted from the victim's car, there was probable cause to arrest him. Consequently, Galimore cannot plead a claim for false arrest.

---

[2]  *See* https://matrix.leeclerk.org/ (search: Galimore, Eugene). A district court may take judicial notice of the publicly available docket sheet in Galimore's underlying criminal case. *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1077 n.9 (11th Cir. 2013).

### III.    Conclusion

The few facts alleged in Galimore's latest complaint do not state a claim on which relief can be granted. Galimore had the benefit of a detailed screening order, yet returned a pleading that did not address his original complaint's deficiencies. Thus, the Court is not required to provide Galimore a third bite at the apple. *See Cornelius v. Bank of America, NA*, 585 F. App'x 996, 100 (11th Cir. 2014).

Accordingly, it is **ORDERED**:

1.    Galimore's second amended complaint is **DISMISSED with prejudice** because it does not state a claim on which relief may be granted.[3]

2.    The Clerk is **DIRECTED** to terminate any pending motions, close this case, and enter judgment accordingly.

**ENTERED** in Fort Myers, Florida on January 13, 2026.

Kyle C. Dudek
United States District Judge

---

[3] Galimore makes a passing reference to inadequate medical care in his second amended complaint. If the facts support a medical deliberate indifference claim, this Order does not preclude him from filing a new case raising only those claims.